1

1      NYS DEPARTMENT OF CORRECTIONS

2         AND COMMUNITY SUPERVISION

3              BOARD OF PAROLE

4

5  *****************************************************

6              Parole Board Hearing

7               In the Matter

8                  -of-

9              SAMUEL SANCHEZ

10             DIN # 91-A-5961
            NYSID # 04935660-N

11 *****************************************************

12

13  TYPE OF INTERVIEW:    Special consideration

14

15  HELD AT:             Fishkill Correctional Facility
                     Fishkill, New York

16

17  HELD ON:             April 12, 2016

18

19  BEFORE:              COMMISSIONER LUDLOW
                     COMMISSIONER COPPOLA
                     COMMISSIONER HALLERDIN

20

21  ALSO PRESENT:        MARK HEADY, SORC
                     JACQUELINE ARROYO, APA

22

23

24  VERBATIM REPORTER:   DIANA FREUND

25

SAMUEL SANCHEZ    -    91-A-5961/04935660-N                    2

1   BY COMMISSIONER LUDLOW:

2   Q.  Good morning, sir.

3   A.  Good morning.

4   Q.  Sir, you are Samuel Sanchez?

5   A.  Yes.

6   Q.  Mr. Sanchez, I am Commissioner Ludlow.  With me,

7   Commissioner Coppola and Commissioner Hallerdin.

8       COMMISSIONER HALLERDIN:  Hello, sir.

9       COMMISSIONER COPPOLA:  Hello, sir.

10  Q.  Mr. Sanchez, this is your sixth appearance before the

11  Board of Parole, sir.

12      You're appearing today as a special consideration.

13  Pursuant to consideration of the full Board of Parole at

14  a monthly meeting, it was directed that you appear today

15  for a parole interview based on your medical condition.

16  Is that your understanding?

17  A.  (Nodded head.)

18  Q.  Yes or no?

19  A.  Yes.

20  Q.  You're 53; you're about to turn 54 --

21  A.  Yes.

22  Q.  -- in a few weeks, correct, sir?

23  A.  Yes.

24  Q.  You pled to multiple Robbery 1sts, you also pled to

25  Rape 1st.

SAMUEL SANCHEZ      -      91-A-5961/04935660-N                    3

1    A.  Yes.

2    Q.  You pled to Sodomy 1st, Criminal Possession of a

3    Weapon 3rd.  You have a controlling sentence of 18 to 36

4    and you've been in how long, sir, to date?

5    A.  26 and 2 months.

6    Q.  26 years, 2 months.  A long period of time.  We

7    certainly recognize that.  We're sensitive to that fact.

8        This is your second state bid, correct, sir?

9    A.  Yes.

10   Q.  Your prior bid was in 1984, Attempted Burglary 2nd,

11   is that correct, sir?

12   A.  Yes.

13   Q.  That first bid was out of Manhattan, correct, sir?

14   A.  Yes.

15   Q.  You were on parole at the time from your first bid --

16   A.  Yes.

17   Q.  -- when you committed the instant offenses, correct,

18   sir?

19   A.  (Nodded head.)

20   Q.  In fact, you had reportedly absconded from parole, is

21   that correct?

22   A.  (Nodded head.)

23   Q.  Yes or no?

24   A.  Yes.

25   Q.  All right.  Now, we do have the sentencing minutes on

SAMUEL SANCHEZ    -    91-A-5961/04935660-N                    4

1   file, State Supreme Court Queens County, November 7,

2   1990, before Judge Cooperman.

3   A.  Yes.

4   Q.  You at the time were represented by Miss Shriver,

5   S-H-R-I-V-E-R.

6       As to other convictions, we have an affidavit on file

7   from Frank Rizzo, Principal Court Reporter, Manhattan,

8   indicating that a diligent effort was made to locate the

9   stenographic notes.  Unfortunately, we have been

10  unsuccessful in finding these notes and I am unable to

11  provide the requested minutes.  That is a statement and

12  a quote from Frank Rizzo dated November 14, 2007.

13  Anything stated when you were sentenced, if you recall?

14  I know it was years ago; however, if you recall,

15  anything stated when you were sentenced that we should

16  be aware of today?

17  A.  No.

18  Q.  Okay.  All right.  We have the COMPAS Risk Assessment

19  on file.  The COMPAS is a risk and needs tool that we

20  draw upon in an advisory way to assist us in complying

21  with Executive Law 259(c)(4) which requires the Board of

22  Parole to conduct a Risk and Needs Assessment as a

23  measure of your rehabilitation for reentry into the

24  community.  In your case, the computer assessment has

25  you at a low risk across the board for felony violence,

SAMUEL SANCHEZ     -     91-A-5961/04935660-N                    5

1  arrest, or absconding, taking off from parole.  If on

2  parole, would you anticipate presenting as a low risk to

3  the public's safety, or something else?  What are your

4  thoughts?

5  A.  I will be in the bed.

6  Q.  You'd be in bed?

7  A.  Yeah.  I can't...

8  Q.  You're appearing today in a wheelchair.  Does that

9  suggest that you can't ambulate?  You cannot walk at

10  all, is that the case?

11  A.  From 2009.  I had a stroke and then I caught another

12  severe stroke.

13  Q.  You've had two strokes, sir?

14  A.  One hard and then the other one low and it got me

15  like that, my legs, everything.

16  Q.  I see.  So you are totally unable to walk on your own

17  power, is that correct?

18  A.  (Nodded head.)

19  Q.  We also note that you're appearing with the

20  assistance of nasal cannula, oxygen, is that correct?

21  A.  Yes.

22  Q.  Is that something you require 24 hours a day?

23  A.  Yes.

24  Q.  I see.

25     We also have the case plan on file.  The case plan is

SAMUEL SANCHEZ      -      91-A-5961/04935660-N                    6

1    a statement of goals, tasks and activities.  Among the

2    goals identified in the case plan, maintain current

3    level of health.  You would like to try to walk again if

4    possible?

5    A.  Yeah.

6    Q.  You are eager to be released.  Are you a threat to

7    the public's safety today, sir?

8    A.  No.

9    Q.  Years ago you were.  You were a terror.  Multiple

10   Robbery 1s, Rape 1st, Sodomy 1st, a weapon offense --

11   A.  I was young, not thinking.  If I could change my life

12   and erase everything -- but it's already there.

13   Q.  You have a cousin --

14   A.  And I'm sorry.

15   Q.  You have a cousin Hector in Amsterdam, New York.

16   Hector is willing to provide a residence for you, is

17   that the case?

18   A.  Yes.

19   Q.  Is Hector aware of your physical and medical needs?

20   A.  Yes.

21   Q.  How are you to get in and out of the wheelchair?  Is

22   there a Hoyer lift?

23   A.  The bed low.

24   Q.  Low bed?

25   A.  Yeah.  Take this off (indicating) and shoot myself.

SAMUEL SANCHEZ      -      91-A-5961/04935660-N                    7

1   Stay there.

2   Q.  You would roll.

3   A.  Yeah.

4   Q.  You'd roll from the chair to the bed?

5   A.  (Nodded head.)

6   Q.  How about getting out of bed into the chair, do you

7   need a Hoyer lift?

8   A.  No.  Pull the chair close and they pull me in.

9   Q.  What do you do for toileting?

10  A.  Toileting, pull close to the toilet this side

11  (indicating) and go in.

12  Q.  I see.  You have years of experience of meeting your

13  essential needs that way, correct?

14  A.  Yeah.

15  Q.  So you know what to do.

16  A.  2009.

17  Q.  We understand.

18      What's Hector's line of work?  What's he do?

19  A.  He's retired.

20  Q.  What was his line of work?

21  A.  He was in construction.

22  Q.  I see.

23      Does Hector have a criminal record that you're aware

24  of?

25  A.  No.  He's Christian.

SAMUEL SANCHEZ    -    91-A-5961/04935660-N                    8

1   Q.  He's Christian?

2   A.  Yeah.

3   Q.  Very well.

4       The Office of Mental Health has you at a Level 6.

5   That suggests that you're not in need of mental health

6   services currently is that accurate?

7   A.  Yes.

8   Q.  Any tickets, sir?

9   A.  No.

10  Q.  No discipline?

11  A.  No.

12  Q.  Your last ticket was July -- excuse me, correct

13  that -- January 2015.

14  A.  Yes.

15  Q.  A Tier II at Walsh Medical.

16  A.  Yes.

17  Q.  You had a Tier III back in 1998, Sullivan, threats.

18  Prior to that, Tier III, 1993, Wende, unauthorized call,

19  and we note a few Tier IIs in the mix.  That appears to

20  be your total disciplinary history, is that correct?

21  A.  Yes.

22  Q.  You have reportedly completed all recommended

23  programs including vocational, ASAT, ART, sex offender

24  program, transitional services, is that correct?

25  A.  Yes, sir.

SAMUEL SANCHEZ      -      91-A-5961/04935660-N                 9

1   Q.  Are you living by the teachings of the ASAT, ART, and
2   sex offender programs today?
3   A.  Yes.
4   Q.  Are you committed to the teachings of those programs
5   in your future life?
6   A.  Yes.
7   Q.  We do have a medical report on file.  This is a
8   report of the chief medical officer of the Department,
9   Dr. Koenigsman, March 9, 2016.  I'm quoting from the
10  report:  "53-year-old male housed at Fishkill RMU.
11  Diagnosis of cerebral vascular accident with right
12  hemiplegia, H-E-M-I-P-L-E-G-I-A, and history of atrial
13  fibrillation, PPM, hypertension, neurogenic bladder,
14  hearing impaired, obesity, sleep apnea, and asthma.  He
15  uses a wheelchair to ambulate.  Requires assistance with
16  his assisted daily living needs.  He is not terminal.
17  He is oxygen dependent.  If medical parole is granted,
18  he will need residential placement."  Recommended for
19  parole, the doctor has checked "Yes."  The doctor
20  recommends medical parole.  This is as of March 9, 2016.
21      Is this report accurate and current as of today,
22  Mr. Sanchez?
23  A.  Yes, sir.
24  Q.  The report indicates that over the next 4 months your
25  condition could deteriorate, you're aware of that?

SAMUEL SANCHEZ      -      91-A-5961/04935660-N                    10

1    A.   (Nodded head.)

2    Q.   Are you aware of that, sir?

3    A.   Yes, sir.

4    Q.   The report also states that you were able to

5    understand and participate in this report and a possible

6    discharge plan, correct, sir?

7    A.   Yes, sir.

8    Q.   Okay.

9         COMMISSIONER LUDLOW:   Commissioner Coppola?

10   BY COMMISSIONER COPPOLA:

11   Q.   Sir, how old were you when you committed these

12   crimes?   You said you were young.   How old were you?

13   A.   26.

14   Q.   That's not young.   That's not young.   That's

15   relatively young, it's a young man, but young when you

16   don't understand what you're doing and the harm that

17   you're causing is 14, 15.   26 years old, you knew

18   better, right?

19   A.   I was into drugs, the fast life.

20   Q.   So it never bothered you to hurt people the way you

21   did, the sexual assaults, everything you did?

22   A.   It bothers me now.

23   Q.   Back then it didn't bother you?

24   A.   No.

25   Q.   You didn't see them as human beings, right?

SAMUEL SANCHEZ    -    91-A-5961/04935660-N                    11

1   A.  Right, sir.

2   Q.  I asked you a question honestly --

3   A.  I feel so bad.

4   Q.  It's too bad you didn't feel bad then.  You wouldn't

5   have done it.  These people still have to live with the

6   horror that you created.

7       I'll ask you a question honestly.  You're in a very

8   bad medical position right now, right?

9   A.  (Nodded head.)

10  Q.  Part of why you're here today is compassionate

11  release which talks about us in a sense being

12  compassionate for you as a human being, to say let's

13  consider releasing him because of his medical condition.

14  So that's having sympathy for you, right?

15  A.  Yes.

16  Q.  Do you think we should have sympathy for you because

17  of your current state even though you didn't have

18  sympathy for the people that you harmed?

19  A.  (No response.)

20  Q.  I don't mean to say that to put you down.  I'm just

21  asking, in your mindset today, would you have sympathy

22  for yourself if one of these victims was your sister or

23  your mother or your daughter?

24  A.  If I could change my life, at that time, I would

25  never, never do that and I tell you from my heart.

SAMUEL SANCHEZ    -    91-A-5961/04935660-N                    12

1    My mother passed away last 2007 and I was on the
2    phone and I never want nobody to have that, how it
3    happened to me.  She died on the phone talking to me.
4    Q.  Really?
5    A.  And then I cannot go because she was in Puerto Rico
6    and I'm here.
7    Q.  But you earned your place here, right?
8    A.  I played with fire, I got burned with fire.
9    Q.  Thank you.
10    COMMISSIONER COPPOLA:  No more questions.
11    COMMISSIONER LUDLOW:  Commissioner Hallerdin?
12    COMMISSIONER HALLERDIN:  I have no further questions.
13    Thank you.
14    BY COMMISSIONER LUDLOW:
15    Q.  Mr. Sanchez, what else should we know, sir?  Anything
16    additional that's important to you before we close the
17    interview?
18    A.  I feel sorry for everybody that I hurt and being in
19    here too and I cannot erase nothing and I'm paying the
20    consequences real bad.
21    Q.  You've committed serious crimes, we've established
22    that.  The record clearly reflects that.
23    Have you ever killed anyone, sir?
24    A.  No.
25    Q.  Have you ever fought with police officers?

SAMUEL SANCHEZ        -      91-A-5961/04935660-N                    13

1    A.  No.

2    Q.  Ever injured a police officer to any degree, sir?

3    A.  No.

4    Q.  We will advise in writing.  You're still a young man

5    at 53, about to turn 54.  We wish you good luck with

6    your health-related problems.  We will --

7    A.  (Inaudible.)

8    Q.  I didn't hear you, sir.

9    A.  If I don't die soon.

10   Q.  Good luck to you, Mr. Sanchez.  We will advise in

11   writing.  Good luck to you, sir.

12        (After due deliberation by the Parole Board Panel,

13   the following decision has been rendered:)

14

15

16

17

18

19

20

21

22

23

24

25

SAMUEL SANCHEZ    -    91-A-5961/04935660-N                          14

1                      D E C I S I O N

2        Open date, 5/31/16.

3        Special conditions.

4        I will submit to substance abuse testing as directed

5    by the P.O.

6        I will participate in a substance abuse treatment

7    program as directed by the P.O.

8        I will NOT consume alcoholic beverages.

9        I will abide by a curfew established by the P.O.

10       I will participate in sex offender

11   counseling/treatment as directed by the P.O.

12       I will comply with all case specific sex offender

13   conditions to be imposed by the P.O.

14       I will cooperate with all medical referrals and

15   treatment recommendations.

16       I will abide by the mandatory condition imposed by

17   the Sexual Assault Reform Act, Chapter 1 of the Laws of

18   2000.

19       I will NOT use or possess any medication or

20   supplements designed or intended for the purpose of

21   enhancing sexual performance or treating erectile

22   dysfunction without the written permission of the Parole

23   Officer and the approval of his or her area supervisor.

24       I will participate in the Department of Corrections

25   and Community Supervision's Polygraph Program, as

SAMUEL SANCHEZ      -      91-A-5961/04935660-N                15

1   directed by the Parole Officer.  I understand that this

2   will include periodic polygraph sessions consisting of a

3   pre-examination interview, polygraph examination and

4   post-test interview with the polygraph examiner or the

5   parole officer.

6       I will NOT use the internet to access pornographic

7   material, access a commercial social networking website,

8   communicate with other individuals or groups for the

9   purpose of promoting sexual relations with persons under

10  the age of eighteen, and communicate with a person under

11  the age of eighteen unless I receive written permission

12  from the NYS Board of Parole to use the internet to

13  communicate with a minor child under eighteen years of

14  age, who I am the parent of and who I am not otherwise

15  prohibited from communicating with.

16      I shall NOT be released until the NYS Board of Parole

17  and NYS Department of Corrections and Community

18  Supervision are informed of the Sex Offender Risk Level

19  that has been or will be established by a court of

20  competent jurisdiction pursuant to Correction Law 168-N.

21      I will NOT own, use, possess, purchase or have

22  control of any computer, computer-related material,

23  electronic storage devices, and/or the internet, unless

24  I obtain prior written permission from the parole

25  officer.  Furthermore, if approved:

SAMUEL SANCHEZ    -    91-A-5961/04935660-N                16

1    If I am permitted by the parole officer to possess a

2    computer at my residence, permission will be granted for

3    only one computer.

4    I will provide all personal, business, phone,

5    internet service provider, and/or cable records to the

6    parole officer upon request.

7    I will provide copies of financial documents to the

8    parole officer upon request.  These documents may

9    include, but are not limited to, all credit card bills,

10   bank statements, and income tax returns.

11   I will provide all user id's and passwords required

12   to access the computer, my C.M.O.S. and BIOS, internet

13   service provider, any/all email accounts, instant

14   messaging accounts, any removable electronic media,

15   including, but not limited to, media such as smart

16   cards, cell phones, thumb drives and web virtual

17   storage.

18   I will provide the parole officer with my password

19   and user id for any approved device.  I acknowledge that

20   individuals who have access to my computer system and/or

21   other communication or electronic storage devices will

22   also be subject to monitoring and/or search and seizure.

23   I agree to be fully responsible for all material,

24   data, images and information found on my computer and/or

25   other communication or electronic storage devices at all

1   times.

2       I will NOT create or assist directly, or indirectly,

3   in the creation of any electronic bulletin board system,

4   services that provide access to the internet, or any

5   public or private computer network without prior written

6   approval from the parole officer.

7       I will NOT use any form of encryption, cryptography,

8   steganography, compression and/or other method that

9   might limit access to, or change the appearance of data

10  and/or images without prior written approval from the

11  parole officer.

12      I will NOT attempt to circumvent, alter, inhibit, or

13  prevent the functioning of any monitoring or limiting

14  equipment, device or software that has been installed by

15  or at the behest of, or is being utilized by, the

16  Department of Corrections and Community Supervision for

17  the purposes of recording, monitoring or limiting my

18  computer or internet use and access, nor will I tamper

19  with such equipment, device or software in any way.

20      I will cooperate with unannounced examinations

21  directed by the parole officer of any and all

22  computer(s) and/or other electronic device(s) to which I

23  have access.  This includes access to all data and/or

24  images stored on hard disk drives, floppy diskettes, cd

25  roms, optical disks, magnetic tape, cell phones, and/or

SAMUEL SANCHEZ      -      91-A-5961/04935660-N                    18

1   any other storage media whether installed within a

2   device or removable.

3       I will install or allow to be installed, at my own

4   expense, equipment and/or software to monitor or limit

5   computer use.

6       SOH 220.

7       (Commissioners concur.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                       C E R T I F I C A T I O N

2

3        I hereby certify that the proceedings and evidence

4   are contained fully and accurately in the notes taken by

5   me on the above cause and that this is a correct

6   transcript of the same to the best of my ability.

7

8

9                                    _Diana Freund_____

10                                   Diana Freund

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INMATE COPY  NYS Dept. of Corrections and Community Supervision  Date: 10/21/16
FORM 9026              Parole Board Release Decision Notice

```
    Name:  SANCHEZ,SAMUEL                Facility:       FISHKILL
    DIN:   91A5961                       Interview Date: 10/18/2016
    Nysid: 04935660N                     Interview Type: REAPPEAR
```

Earned Eligibility Certificate :  INELIGIBLE
Supervision Fee:  ELIGIBLE
Certificate of Relief from Disability:  INELIGIBLE

Parole Decision:
   OPEN DATE: EARLIEST RELEASE DATE: 05/31/2016


Conditions of Release/Staff Instructions/Reasons for Denial:

   GIVEN YOU ALREADY HAVING RECEIVED AN OPEN DATE; YOUR DATE HAS PASSED,

   YET THE DATE WILL REMAIN OPEN PENDING YOU SECURING APPROPRIATE

   HOUSING. APPROVED RESIDENCE MUST BE SARA COMPLIANT. CONTINUE OPEN

   DATE PREVIOUS CONDITIONS APPLY.

      I WILL SUBMIT TO SUBSTANCE ABUSE TESTING AS DIRECTED BY THE P.O.

      I WILL PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM AS

   DIRECTED BY THE P.O.

      I WILL NOT CONSUME ALCOHOLIC BEVERAGES.

      I WILL ABIDE BY A CURFEW ESTABLISHED BY THE P.O.

      I WILL PARTICIPATE IN SEX OFFENDER COUNSELING/TREATMENT AS

   DIRECTED BY THE P.O.

      I WILL COMPLY WITH ALL CASE SPECIFIC SEX OFFENDER CONDITIONS TO BE

   IMPOSED BY THE P.O.

      I WILL COOPERATE WITH ALL MEDICAL REFERRALS AND TREATMENT

   RECOMMENDATIONS.

      I WILL ABIDE BY THE MANDATORY CONDITION IMPOSED BY THE SEXUAL

   ASSAULT REFORM ACT, CHAPTER 1 OF THE LAWS OF 2000 ("SARA").

      I WILL NOT USE OR POSSESS ANY MEDICATIONS OR SUPPLEMENTS DESIGNED

   OR INTENDED FOR THE PURPOSE OF ENHANCING SEXUAL PERFORMANCE OR

   TREATING ERECTILE DYSFUNCTION WITHOUT THE WRITTEN PERMISSION OF MY
                                                        (continued)

* * * * * * *              I N M A T E   C O P Y              * * * * * * *

INMATE COPY  NYS Dept. of Corrections and Community Supervision  Date: 04/20/17
FORM 9026            Parole Board Release Decision Notice

    Name:  SANCHEZ, SAMUEL               Facility:       FISHKILL
    DIN:   91A5961                        Interview Date: 04/18/2017
    Nysid: 04935660N                      Interview Type: REAPPEAR

Earned Eligibility Certificate :  INELIGIBLE
Supervision Fee:   IN-ELIGIBLE
Certificate of Relief from Disability:   INELIGIBLE

Parole Decision:
   OPEN DATE: EARLIEST RELEASE DATE: 05/31/2016


Conditions of Release/Staff Instructions/Reasons for Denial:

   THIS PANEL RECOMMENDS YOU CONTINURE TO WORK WITH FACILITY STAFF TO

   SECURE APPROPRIATE HOUSING AND OBTAIN SEX OFFENDER LEVEL FROM COURTS.



   CONTINUE OPEN DATE.



   CONDITIONS IMPOSED BY PRIOR PANEL ARE IN EFFECT.



     I WILL SUBMIT TO SUBSTANCE ABUSE TESTING AS DIRECTED BY THE P.O.

     I WILL PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM AS

   DIRECTED BY THE P.O.

     I WILL NOT CONSUME ALCOHOLIC BEVERAGES.

     I WILL ABIDE BY A CURFEW ESTABLISHED BY THE P.O.

     I WILL PARTICIPATE IN SEX OFFENDER COUNSELING/TREATMENT AS

   DIRECTED BY THE P.O.

     I WILL COMPLY WITH ALL CASE SPECIFIC SEX OFFENDER CONDITIONS TO BE

   IMPOSED BY THE P.O.

     I WILL COOPERATE WITH ALL MEDICAL REFERRALS AND TREATMENT

   RECOMMENDATIONS.

     I WILL ABIDE BY THE MANDATORY CONDITION IMPOSED BY THE SEXUAL

   ASSAULT REFORM ACT, CHAPTER 1 OF THE LAWS OF 2000 ("SARA").
                                              (continued)

* * * * * * *            I N M A T E   C O P Y            * * * * * * *

1

NYS DEPARTMENT OF CORRECTIONS & COMMUNITY SUPERVISION

BOARD OF PAROLE

************************************************************

In the matter of

SAMUEL SANCHEZ

NYSID #04935660N

DIN #91A5961

************************************************************

INTERVIEW TYPE:     OPEN DATE /6 MO AFTER REAPPEARANCE

LOCATION:           COXSACKIE CORRECTIONAL FACILITY
                    (Via Videoconference)
                    97 Central Avenue
                    Albany, New York

DATE:               December 11, 2018
DECISION DATE:      December 11, 2018

BEFORE:             COMMISSIONER AGOSTINI
                    COMMISSIONER DEMOSTHENES


ALSO PRESENT:       NEIL CRYSTAL, SORC
                    ELAINE WEISS, PA


AT FACILITY:        NICOLE DANZY, ORC
                    JACKIE LEWIS, ORC




SAMUEL SANCHEZ, Inmate

REPORTED BY:  Brynn C. Reynolds, Hearing Reporter

1    BY COMMISSIONER DEMOSTHENES:

2    Q.    Good morning, sir?

3    A.    Good morning.

4    Q.    State your name, please.

5    A.    Samuel Sanchez, 91A5961.

6    Q.    Thank you, Mr. Sanchez.  I'm Commissioner

7    Demosthenes, and also on the panel with me today is

8    Commissioner Agostini.

9              COMMISSIONER AGOSTINI:  Good morning, sir.

10             THE INMATE:  Good morning.

11   BY COMMISSIONER DEMOSTHENES:

12   Q.    Has there been any new development in your case, sir,

13   in terms of housing?

14   A.    Yes.  I got medical parole already and I'm trying --

15   they were trying to look for a place, but I cannot look

16   myself, and my family requested me and everything, and I

17   still can't since 3-18-16.

18   Q.    Yes, I noticed.  It's a very long wait.  You said

19   your family has been assisting you, trying to locate --

20   A.    Yeah, I cannot do it myself because --

21   Q.    It would be an assisted living facility, correct?

22   A.    Yeah.

23   Q.    Are they looking in the Bronx?  I know there are

24   quite a few nursing homes in the Bronx, assisted living?

25   A.    Accident (ph) County, that's my family from up here.

1    But any place I could -- I go.  But I want to be next to my

2    family if they want to be next to me and everything.

3    Q.    I understand, sir.  We're going to have to extend for

4    six months.  We'll see you in six months and hopefully we

5    won't see you in six months.

6    A.    Thank you.

7    Q.    Have a good day, sir.

8    A.    Thank you.

9                      (Proceeding concluded.)

10                          - - -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SANCHEZ, SAMUEL    DIN# 91A5961    NYSID# 04935660N    4

```
 1        (After due deliberation by the Parole Board Panel, the

 2                  following Decision was rendered:)

 3                           D E C I S I O N

 4

 5        Continue open date with previously improved

 6        conditions.

 7        Next appearance:  6/2019

 8             (COMMISSIONER AGOSTINI CONCURS.)

 9                  (Hearing concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

SANCHEZ, SAMUEL     DIN# 91A5961     NYSID# 04935660N          5

1                    C E R T I F I C A T I O N

2

3

4                    I, Brynn C. Reynolds, do hereby

5          certify that I attended the foregoing proceedings

6          in the matter of SAMUEL SANCHEZ and took

7          stenographic notes of the same, and that the

8          foregoing is a true and correct transcription of

9          same and the whole thereof.

10

11

12

13

14

15

16

17

18                    Dated:   December 26, 2018

19

20          _Brynn C. Reynolds

21          Brynn C. Reynolds

22          Court Reporter

23

24

25

INMATE COPY  NYS Dept. of Corrections and Community Supervision  Date: 12/12/18
FORM 9026                 Parole Board Release Decision Notice

    Name:   SANCHEZ,SAMUEL                    Facility:        COXSACKIE
    DIN:    91A5961                           Interview Date: 12/11/2018
    Nysid: 04935660N                          Interview Type: REAPPEAR

Earned Eligibility Certificate :   INELIGIBLE
Supervision Fee:   ELIGIBLE
Certificate of Relief from Disability:   INELIGIBLE

Parole Decision:
  OPEN DATE: EARLIEST RELEASE DATE: 05/31/2016


Conditions of Release/Staff Instructions/Reasons for Denial:

  CONTINUE OPEN DATE WITH PREVIOUSLY IMPOSED CONDITIONS:

  CONDITIONS OF RELEASE:

    I WILL SUBMIT TO SUBSTANCE ABUSE TESTING AS DIRECTED BY THE P.O.

    I WILL PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM AS
  DIRECTED BY THE P.O.

    I WILL NOT CONSUME ALCOHOLIC BEVERAGES.

    I WILL ABIDE BY A CURFEW ESTABLISHED BY THE P.O.

    I WILL PARTICIPATE IN SEX OFFENDER COUNSELING/TREATMENT AS
  DIRECTED BY THE P.O.

    I WILL COMPLY WITH ALL CASE SPECIFIC SEX OFFENDER CONDITIONS TO BE
  IMPOSED BY THE P.O.

    I WILL COOPERATE WITH ALL MEDICAL REFERRALS AND TREATMENT
  RECOMMENDATIONS.

    I WILL ABIDE BY THE MANDATORY CONDITION IMPOSED BY THE SEXUAL
  ASSAULT REFORM ACT ("SARA").

    I WILL NOT USE OR POSSESS ANY MEDICATIONS OR SUPPLEMENTS DESIGNED
  OR INTENDED FOR THE PURPOSE OF ENHANCING SEXUAL PERFORMANCE OR
  TREATING ERECTILE DYSFUNCTION WITHOUT THE WRITTEN PERMISSION OF MY
  PAROLE OFFICER AND THE APPROVAL OF HIS OR HER AREA SUPERVISOR.

    I WILL PARTICIPATE IN THE DEPARTMENT OF CORRECTIONS AND COMMUNITY
                                              (continued)

  * * * * * * *           I N M A T E   C O P Y           * * * * * * *