# CENTER FOR APPELLATE LITIGATION

120 WALL STREET – 28TH FLOOR, NEW YORK, NY 10005 TEL. (212) 577-2523 FAX 577-2535



*ATTORNEY-IN-CHARGE*
ROBERT S. DEAN

*ASSISTANT ATTORNEY-IN-CHARGE*
MARK W. ZENO

*SENIOR SUPERVISING ATTORNEYS*
ABIGAIL EVERETT
CLAUDIA S. TRUPP
BARBARA ZOLOT

*MANAGING ATTORNEY*
DAVID J. KLEM

*SUPERVISING ATTORNEY*
MARISA K. CABRERA

*ASSISTANT MANAGING ATTORNEY*
KATHARINE SKOLNICK

LAUREN J. SPRINGER
*SENIOR APPELLATE COUNSEL &*
*COORDINATING ATTORNEY, CLIENT SUPPORT SERVICES*

lspringer@cfal.org
extension 524

September 14, 2016

Honorable Roger S. Hayes
Justice of the Supreme Court
Supreme Court of the State of New York
Part 85, Room 621
111 Centre Street
New York, New York 10013

                                            Re:    **People v. Samuel Sanchez**
                                                        **NY Co. Ind. No. 0745/90**

Your Honor:

      By federal law, because his cousin Hector Sanchez and his cousin's wife reside in federally-subsidized public housing, Mr. Sanchcz is prohibited from living with them, irrespective of whether he is a Risk Level 2 or 3 (or even a Risk Level 1 with a designation). This is by virtue of Mr. Sanchez being subject to lifetime registration. See 42 U.S.C. § 13663(a); Correction Law § 168-b(12). However, his family is committed to finding alternative housing, which Mr. Sanchez made reference to when he addressed the court today. Being adjudicated a Risk Level 3 would subject Mr. Sanchez to SARA restrictions, making it much more difficult for his family to find him housing or for him to find placement in an skilled nursing home or assisted living facility, as recommended by Fishkill RMU's medical staff.

      Moreover, when I returned to the office from Court today, I received a response from Lynn Cortella, a Marketing/External Case Manager for Centers Health Care, a group of skilled nursing facilities, rehabilitation centers, and senior care services, regarding our inquiry about Mr. Sanchez. Ms. Cortella is familiar with Mr. Sanchez's case, having been employed as an RN Health Care Analyst with the NYS Department of Corrections and Community Supervision from January 2002 to September 2015. She indicated that, if Mr. Sanchez is required to abide by the 1000-foot

2

residency restriction, "[t]hat will make it infinitely more difficult to place him." With the Court's permission, I would like to add Ms. Cortella's statement to the record for the Court's consideration.

    Thank you.

Sincerely,

Lauren J. Springer<br>
Senior Appellate Counsel

cc: ADA David Filer