UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMUEL SANCHEZ,  :
                       Plaintiff,  :
                            :
         -against-  :  19 Civ. 03567 (LGS)
                            :
NEW YORK STATE DEPARTMENT OF  :  <u>ORDER</u>
CORRECTIONS AND COMMUNITY  :
SUPERVISION, et al.,  :
                     Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on April 15, 2020, Nicole Geoglis, counsel for Plaintiff, filed a suggestion of death pursuant to Federal Rule of Civil Procedure 25(a)(1), stating that Plaintiff had died on or around April 8, 2020 (Dkt. No. 146);

      WHEREAS, on April 23, 2020, the Second Circuit issued a mandate as to Defendants Amsterdam Housing Authority ("AHA") and Michael Dayian's interlocutory appeal (*see* Dkt. Nos. 92-93), granting the unopposed motion to dismiss the appeal, vacate the interlocutory order and remanding with instructions to dismiss the underlying action as against AHA (Dkt. No. 148).

      WHEREAS, on April 24, 2020, the Court dismissed this action as against AHA and Mr. Dayian (Dkt. No. 149).

      WHEREAS, following letters from the parties proposing next steps (Dkt. Nos. 150, 152), the Court issued an endorsement directing Plaintiff's counsel to file an additional letter by August 17, 2020, regarding appointment of a personal representative authorized to act on behalf of Mr. Sanchez's estate (Dkt. No. 153).  The endorsement stated that, if Plaintiff's counsel was unable to locate a personal representative by August 17, 2020, the case would be dismissed pursuant to Rule 25(a)(1).

WHEREA, on August 17, 2020, Plaintiff's counsel filed a letting stating that no personal representative had been identified to act on behalf of Mr. Sanchez's estate (Dkt. No. 154).

WHEREAS Rule 25(a)(1) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party," and that "[i]f [a] motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  It is hereby

**ORDERED** that the action is dismissed as against the remaining Defendants in this case, as it is undisputed that no motion for substitution was brought within 90 days after the suggestion of death was filed (Dkt. No. 146), and after the Court extended the deadline to do so (Dkt. No. 153).  *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998).

The Clerk of Court is respectfully directed to close this case.

Dated: August 19, 2020
       New York, New York

                                                   LORNA G. SCHOFIELD
                                                   UNITED STATES DISTRICT JUDGE